UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC.,

        Plaintiff,

   v.

JASON JORDAN,

        Defendant.
_____/

No. C-09-0884 PJH (EMC)

**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**

**(Docket No. 11)**

Plaintiff IO Group, Inc. has filed suit against Defendant Jason Jordan for copyright infringement. IO Group contends that Mr. Jordan is liable both for direct infringement as well as indirect infringement. After Mr. Jordan failed to respond to the complaint, the Clerk of the Court entered Mr. Jordan's default. *See* Docket No. 7 (notice, filed on 5/8/2009). IO Group then filed a motion for default judgment, which the presiding judge referred to the undersigned for a report and recommendation. Having considered the papers filed by IO Group, the Court hereby orders IO Group to provide supplemental briefing and/or evidence in support of its motion.

A.    <u>Service of Process</u>

According to IO Group, it served Mr. Jordan "by substitute service at the business address to which he had registered the nubian101.com website." Mot. at 4. Under California law, substituted service on an individual is permissible but only where an attempt at personal delivery has first been attempted with "reasonable diligence." Cal. Code Civ. Proc. § 415.20(b). In the instant case, counsel for IO Group has stated that there were "reasonable attempts to effect personal service." Docket No. 6 (Sperlein Decl. ¶ 2). However, no specific information is provided about those

attempts. The Court therefore orders IO Group to provide specific information about the attempts at personal delivery, including but not limited to the number of attempts and the dates and times of the attempts.

In addition to the above, the Court has concerns about the adequacy of service of process based on IO Group's decision to serve Mr. Jordan "at the business address to which he had registered the nubian101.com website." Mot. at 4. In its complaint, IO Group has alleged that Mr. Jordan caused materially false registration information to be provided to the publicly available domain name registry. *See* Compl. ¶ 23. It is not clear from the complaint (or from IO Group's motion for default judgment) what false information was provided but, if it were the address, then it would not be appropriate to serve Mr. Jordan at this address. The Court therefore orders IO Group to provide information about all contact information it has found for Mr. Jordan based on its investigation. In addition, IO Group should provide information about what false information was allegedly provided to the registry by Mr. Jordan.

B.    Personal Jurisdiction

In its complaint, IO Group alleges that Mr. Jordan is a resident of Maryland; that he solicits, transacts, and does business in California; and that he knew or should have known that IO Group's principle place of business is in California such that infringement of IO Group's works was likely to cause harm in California. *See* Compl. ¶¶ 3, 5, 11. These allegations all appear directed at the issue of personal jurisdiction.

The Court has concerns as to whether there is in fact personal jurisdiction and therefore orders IO Group to provide evidence and to cite authority supporting its contention that there is personal jurisdiction. Based on recent Ninth Circuit case law, the critical inquiry seems to be whether Mr. Jordan individually targeted IO Group. *See generally Brayton Purcell LLP v. Recordon & Recordon*, No. 07-15383, 2009 U.S. Dist. LEXIS 17389 (9th Cir. Aug. 5, 2009); *see also Facebook, Inc. v. ConnectU LLC*, No. C 07-01389 RS, 2007 U.S. Dist. LEXIS 61962 (N.D. Cal. Aug. 13, 2007) (also focusing on the issue of whether there was individual targeting). The Court notes that in another case involving IO Group in this District, Judge Trumbull concluded that there was lack of personal jurisdiction over an individual defendant. *See IO Group, Inc. v. La Perna*, No.

2

C 08-1162 PVT, 2009 U.S. Dist. LEXIS 17395 (N.D. Cal. Jan. 6, 2009) (concluding no personal jurisdiction in another case involving IO Group).

### C. Contributory Infringement

In its motion for default judgment, it appears that IO Group seeks a judgment on each of the following infringement claims: (1) direct infringement, (2) contributory infringement, and (3) vicarious infringement.[1] To the extent IO Group seeks a judgment on the claim for contributory infringement, the Court requires IO Group to provide additional evidence -- specifically, evidence that Mr. Jordan had knowledge of the infringement by the registered members of nubian101.com (*i.e.*, the direct infringers). *See Napster*, 239 F.3d at 1020 ("Contributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement."). The Court notes that, in its complaint, IO Group has alleged that Mr. Jordan "has designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials," Compl. ¶ 45, but a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

### D. Statutory Damages

In its motion for default judgment, IO Group seeks statutory damages for the alleged infringement by Mr. Jordan. According to IO Group, Mr. Jordan infringed with respect to 3 of IO Group's copyrighted movies and 23 of its copyrighted photographs. One of the 3 movies for which IO Group seeks statutory damages is *Folsom Prison*. *See* Ruoff Decl. ¶ 5. However, IO Group has

---

[1] In its complaint, IO Group also asserted a claim for inducement of infringement; however, this is nothing more than a claim for contributory infringement. *See Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 390 (2d Cir. 2007) (noting that a claim for contributory copyright infringement requires proof of direct infringement by another plus one additional element -- *i.e.*, that the defendant, with knowledge, induce, cause or materially contribute to infringing conduct of the other); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) (stating that, "[t]raditionally, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a "contributory" infringer'").

not provided evidence that it has actually been issued a certificate of registration for this film. The evidence submitted by IO Group simply indicates that it has filed an application for registration. *See* Ruoff Decl. ¶ 5, Ex. A. In the absence of an actual registration, it would seem that IO Group is not entitled to statutory damages. *See* 2-7 Nimmer on Copyright § 7.16[C][1] ("By reason of [17 U.S.C. § 412], in order for a copyright owner to be entitled to recover statutory damages and attorney's fees, the work must have been registered prior to commencement of the infringement for which such remedies are sought."); *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1204 (10th Cir. 2005) (noting that, although "courts look to the date of the application for registration as 'a condition to filing an infringement action, . . . issuance of a registration certificate is a condition to statutory damages' and other statutory remedies"). The Court therefore orders IO Group to provide evidence that *Folsom Prison* was registered and that it was registered prior to commencement of the infringement.

E.  Willfulness Damages

In addition to statutory damages, IO Group seeks enhanced damages on the basis that the infringement was willful. With respect to the movies, IO Group seems to make two arguments: (1) that willfulness may be inferred pursuant to 17 U.S.C. § 504(c)(3)(A), which provides that "it shall be a rebuttable presumption that the infringement was committed willfully . . . if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement," 17 U.S.C. § 504(c)(3)(A), and (2) that Mr. Jordan must have known that the movies were copyrighted because they were professional videos and therefore likely to have been copyrighted. With respect to the photographs, IO Group notes that at least 16 out of the 23 as posted on Mr. Jordan's website displayed the copyright mark.

The Court orders IO Group (1) to provide evidence about what false information was allegedly provided to the registry by Mr. Jordan; (2) to state whether there are additional reasons why Mr. Jordan should have known that the movies were copyrighted; and (3) to explain why Mr.

Jordan should have known that the 6 photographs that did *not* display a copyright mark were copyrighted.

**IO Group shall file with the Court, and serve on Mr. Jordan, its supplemental briefing no later than September 4, 2009.  In addition, IO Group shall serve on Mr. Jordan a copy of this order within three days of the date of this order.  Proofs of service should be promptly filed once service is effected.  If IO Group has knowledge of any e-mail address affiliated with nubian101.com (*e.g.*, an e-mail address displayed on the website), then service should be made on that e-mail address *in addition to* regular service (*e.g.*, service by mail).**

IT IS SO ORDERED.

Dated:  August 28, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

5