UNITED STATES DISTRICT COURT

Northern District of California

IO GROUP, INC,

                Plaintiff,

  v.

JASON JORDAN,

                Defendant.
_____/

No. C 09-0884 MEJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. #67)**

## I. INTRODUCTION

Pending before the Court is Plaintiff IO Group, Inc.'s ("Plaintiff") Motion for Attorney's Fees, filed April 30, 2010. (Dkt. #67.) On April 16, 2010, the Court entered default judgment against Defendant Jason Jordan ("Defendant"), who has now failed to file an opposition to Plaintiff's motion or otherwise appear in this matter since December 17, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the June 10, 2010 hearing. After consideration of Plaintiff's moving papers, relevant legal authority, and good cause appearing, the Court **GRANTS** Plaintiff's Motion and awards attorney's fees in the amount of $16,443.00[1], as detailed below.

## II. BACKGROUND

On February 27, 2009, Plaintiff filed the above-captioned matter against Defendant for copyright infringement under the Federal Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. (Compl., Dkt. #1.) On May 8, 2009, after Defendant failed to respond to the Complaint, the Clerk of Court

---

[1] Although Plaintiff seeks $16,447.00 in its motion, the declaration in support filed by its counsel provides an invoice that lists $16,443.00. Accordingly, the Court shall award the lower amount.

entered default against him. (Dkt. #7.) However, Defendant subsequently appeared in the case, and the Court set aside default on November 25, 2009. (Dkt. #40.) Following this appearance, Defendant failed to respond to communications from Plaintiff's counsel and the Court, and mail sent to Defendant was returned to the Court as undeliverable. (Dkt. ##34-35, 41, 48-49, 56, 60-61.) Thus, the Court issued an order for Defendant to show cause why his default should not be re-entered for failure to defend himself in this action and failure to comply with court rules and deadlines. (Order to Show Cause, Dkt. #51.) Defendant failed to respond, and the Court re-entered default against him on February 8, 2010, (Dkt. #55), and thereafter entered default judgment on April 16, 2010 (Dkt. #65). Plaintiff then filed the present motion for attorney's fees.

## III.  DISCUSSION

In its motion, Plaintiff seeks an award of $16,443.00 in fees for its counsel's work in this case. Plaintiff's counsel, D. Gill Sperlein, has submitted a declaration in support of Plaintiff's motion. (Dkt. #68.)

Under the Copyright Act of 1976, a court has discretion to award attorney's fees to the prevailing party. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527-33 (1994). Given this discretion, courts must make their determinations based on equitable circumstances. The Ninth Circuit has identified five factors that a court may consider in deciding whether to award attorney's fees under the Copyright Act: "'the degree of success obtained; frivolousness; motivation; objective unreasonableness; . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). The Court shall consider each factor in turn.

### A.  Degree of Success Obtained

As to the first factor, Plaintiff's success on the merits is established by the entry of default judgment against Defendant. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party").

**B.     Frivolousness**

As to the second factor, it is clear that Plaintiff's action was not frivolous. As detailed in the April 16, 2010 Order granting Plaintiff's motion for default judgment, the Court found that all of Plaintiff's claims were meritorious. (Dkt. #65, 10:13-13:6.) Thus, Plaintiff has established that it owned the copyrights to the infringed works and that Defendant reproduced, distributed and publicly displayed those works by and through his website. *Id.* This factor weighs in favor of an award of fees.

**C.     Motivation**

As to its motivation for bringing this case, Plaintiff states that it routinely protects its copyrights and has filed many copyright enforcement actions against individuals and corporations. (Sperlein Decl., Dkt. #68, ¶9.) Although Defendant claimed in his answer that racism motivated Plaintiff to file this action, (Responsive Pleading, Dkt. #33, 2:1-2), there is no evidence supporting such a charge. The record reflects that Plaintiff's motivation for bringing this case was the desire to seek compensation for damage caused by Defendant's infringing acts and to deter others from infringing in the future. (Sperlein Decl. ¶9.)

**D.     Objective Unreasonableness**

Next, the Court must examine whether the parties' factual and legal arguments were objectively reasonable. Here, Plaintiff did not rely on any novel legal theories, and the primary facts upon which Plaintiff relied in support of its claims (its ownership of the copyrights and Defendant's unauthorized use of those works on his site) are readily apparent.

Conversely, Defendant's factual claims are objectively unreasonable. In his Responsive Pleading, Defendant first claims, without support or explanation, that he had reason to believe Plaintiff uploaded the content to his website, (Dkt. # 33, 1:19-20), but later contradicts that claim by stating that he, "spoke to one of the up loaders, who explained he thought there was no problem uploading the photo since it states it came from Titans [sic] website in their promotional material for affiliates." *Id*. at 1:23. Defendant also claimed that  members of his website are screened to make sure they are safe up loaders, and yet he claims he would not allow the specific content which was

3

undeniably reproduced and broadcast though his website. *Id*. at 1:17-22.  Given the inherent contradictions in Defendant's factual statements, the Court finds that they are not reasonable.

### E.     Need for Deterrence and Compensation

As to the final factor, the Court finds that an award of attorney's fees in this matter will both serve the need to deter other would-be infringers and compensate Plaintiff.  If left unchecked, infringement such as that at issue in this case would likely become widespread and would adversely impact the market for copyrighted works. *Sega Enters. v. MAPHIA*, 948 F. Supp. 923, 940-41 (N.D. Cal. 1996).  Moreover, Plaintiff pursued settlement in this matter and, as indicated to the Court in Plaintiff's motion to reschedule the CMC, the parties were at the time very close to reaching an agreement. (Dkt. #9, ¶4.)  However, Defendant subsequently stopped communicating with Plaintiff's counsel.  It is unclear why Defendant failed to vigorously defend himself in this lawsuit and continue working toward settlement; however, it is clear that Defendant's lack of participation caused Plaintiff to incur greater fees as the case progressed.  Accordingly, the Court finds that Plaintiff is entitled to compensation for bringing this action.

### F.     Summary

Taken together, the Court finds that Plaintiff has made a sufficient showing that all five factors weigh in favor of an award of attorney's fees under 17 U.S.C. § 505.  Accordingly, the Court **GRANTS** Plaintiff's motion and shall now determine a reasonable fee award.

### G.     Reasonable Attorney's Fees Award

As stated above, Plaintiff seeks an award of $16,443.00 in fees for its counsel's work in this case. The starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, amended on other grounds,

4

808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210-11.

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan*, 814 F.2d at 1263. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009) (affirming award of attorneys' fees at rate of $500.00/hour where party had submitted a declaration describing her experience and attached copies of fee awards in the same geographical area where counsel had comparable experience).

In calculating the lodestar, the Court should consider any of the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976), that are relevant. *Jordan*, 815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). In *Kerr*, which was decided before the lodestar approach was adopted by the Supreme Court, the Ninth Circuit adopted the 12-factor test articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and

length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212. A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley*, 461 U.S. at 436. To be compensable, an attorney's time must be "reasonable in relation to the success achieved." *Id.* When accounting for limited success, a court may eliminate specific hours in calculating the lodestar, or it may simply reduce the award. *Id.*

### 1. Reasonableness of Hourly Rates

Over the course of this litigation, Plaintiff was represented solely by D. Gill Sperlein. Mr. Sperlein graduated from American University's Washington College of Law, where he earned his Juris Doctor in 1994. (Sperlein Decl., Dkt. #68, ¶2.) For approximately the last eight years, his practice has focused almost exclusively on copyright and anti-piracy. *Id.* at ¶3. His regular billable rate is $290.00 per hour. *Id.* at ¶5. As detailed in his declaration, Mr. Sperlein billed a total 56.7 hours from February 23, 2009 to April 16, 2010, for a total fee request of $16,443.00. *Id.* at Ex. A.

In determining the lodestar, the Court must make a determination that the rate charged for all work was reasonable, based on evidence that the rates are in line with those charged by attorneys in the relevant community with comparable qualifications for similar work. *United Steelworkers of America*, 896 F.2d at 407. A widely recognized compilation of attorney and paralegal rate data is the *Laffey* matrix, so named because of the case that generated the index. In *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir.1984), the court employed a variety of hourly billing rates to account for the various attorneys' different levels of experience. The *Laffey* matrix has been regularly prepared and updated

by the Civil Division of the United States Attorney's Office for the District of Columbia and used in fee shifting cases, among others. *See* http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html, visited January 19, 2010.

Under the 2008-2009 Laffey matrix[2], attorneys bill at the following rates according to experience:

| *Experience* | *Rate Per Hour* |
|---|---|
| 20+ Years | $464 |
| 11-19 Years | $410 |
| 8-10 Years | $330 |
| 4-7 Years | $270 |
| 1-3 Years | $225 |
| Paralegals | $130 |

These figures are, however, tailored for the District of Columbia, which has a different cost of living than San Francisco. Accordingly, some adjustment appears appropriate here. To make the adjustment, the Court will use the federal locality pay differentials based on federally compiled cost of living data. *See* U.S. Office of Personnel Mgmnt., 2009 General Schedule of Locality Pay, available at http://www.opm.gov/oca/09tables/indexGS.asp (last visited 1/27/2010); *In re HPL,* 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005) (Walker, J) (adjusting locality pay differentials based on the geographical region in which lead counsel's firm operated). A review of the pay tables shows the Washington-Baltimore area has a +23.10 percent locality pay differential, while the San Francisco area ("SF") has a +34.35 percent locality pay differential. Adjusting the Laffey matrix figures accordingly will yield appropriate rate for San Francisco: +11.25.

---

[2]According to the United States Attorney's Office website, available at http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html, there was no change in the *Laffey* rates between 2008-2009 and 2009-2010.

7

Applying these adjustments, the Court obtains the following rates (rounded to the nearest dollar):

| *Experience* | *Rate Per Hour* |
|---|---|
| 20+ Years | $516 |
| 11-19 Years | $456 |
| 8-10 Years | $367 |
| 4-7 Years | $300 |
| 1-3 Years | $250 |
| Paralegals | $145 |

Based on these rates, it is clear that the rate of $290.00 charged by Mr. Sperlein is lower than the rates under the *Laffey* matrix. In his declaration, Mr. Sperlein states that he earned his Juris Doctor degree in 1994 and has at least eight years of experience in the area of copyright and anti-piracy law. Thus, at a minimum, the average rate for someone with Mr. Sperlein's experience is $367.00 per hour at the 8-10 year rate and $456.00 at the 11-19 year rate. Based on this comparison, the Court is satisfied that the requested rate of $290.00 per hour is reasonable.

2.  Reasonableness of Claimed Hours

The Court next evaluates whether the number of hours expended by Mr. Sperlein is appropriate to the requirements of the particular case. Reasonably competent counsel bill a reasonable number of hours; they do not bill hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Thus, if the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the Court should reduce the requested number of hours accordingly. *Id.* Additionally, the Court must take into consideration discounts commonly given to clients. As emphasized by the Supreme Court in *Hensley*, "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.*

In his declaration, Mr. Sperlein provided the invoice for his work related to this matter, which shows 56.7 hours billed for his work on this case. (Sperlein Decl., Dkt. #68, Ex. A.) Upon

8

review of Mr. Sperlein's invoice and the docket in this case, the Court finds that the amount of time spent in this case is reasonable.  As stated above, Plaintiff filed this action for copyright infringement against Defendant over one year ago.  Defendant defaulted, but the Court granted his motion to set aside the default.  (Dkt. #40.)  Thereafter, Defendant failed to respond to communications from Plaintiff's counsel and the Court and the Post Office returned as undeliverable all mail sent to the address Jordon provided the Court.  (Dkt. ##34-35, 41, 48-49, 56, 60-61.)  Thus the Court issued an Order to Show Cause why default should not be again entered.  (Dkt. #51.)  Defendant once again failed to respond and the Court entered Default, (Dkt. #55), and Default Judgment (Dkt. #65).  Throughout this procedural history, it appears that Plaintiff attempted to maintain an amicable relationship with Defendant, attempting to negotiate a settlement and working to help Defendant observe the deadlines imposed by the Court.  Further, the Court notes that most of Plaintiff's billing requests are for tasks completed in less than one hour, and no request is higher than 3.7 hours.  Accordingly, the Court finds that an award of 56.7 hours in attorney's fees is appropriate.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby GRANTS Plaintiff's motion for attorney's fees in the amount of $16,443.00.

**IT IS SO ORDERED.**

Dated: May 27, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge